UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-80576-Civ-Hurley/Hopkins

SCOTT and TAMAR COMITER,
individually and as next friend of
their minor son, MARCUS COMITER,

        Plaintiffs,

vs.

SEARS, ROEBUCK & COMPANY and
ICON HEALTH & FITNESS, INC.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION AS TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR ATTORNEY'S FEES (DE 78, 81)**

**THIS CAUSE** has come before this Court upon an Order Referring Plaintiffs' motions to enforce the parties' settlement agreement and for attorney's fees to the undersigned United States Magistrate Judge for a Report and Recommendation. (DE 82).

On May 21, 2009, the District Court approved the parties' settlement of this lawsuit, which was brought on behalf of a minor plaintiff. (DE 76). On June 8, 2009, Plaintiffs moved for enforcement of the agreement, claiming that Defendants had failed to pay the settlement on the agreed upon date.[1] Plaintiffs sought immediate payment of the settlement, interest as

---

[1] The parties' settlement agreement provided for payment on June 1, 2009. (DE 76). Plaintiffs then agreed to receive payment on June 2, 2009. In a letter dated June 5, 2009, Plaintiff's counsel demanded payment within three days, but defense counsel immediately responded that its client would be unable to issue payment until June 25, 2009. (DE 83, Exhibit B). Plaintiffs' counsel received payment on June 26, 2009. (DE 84).

calculated by Florida's state law, and attorney's fees.  Defendants responded to the motion on June 25, 2009, stating that the settlement had been paid and that therefore, the motion was moot. (DE 83).

At the outset, the Court rejects Plaintiffs' application of Florida law to calculate any interest that is purportedly due.  Although pre-judgment interest in diversity cases is determined by state law, post-judgment interest is governed by federal law.  *See ERA Franchise Systems, Inc. v. Huie*, 2008 WL 4754689, *3 (E.D. Cal. Oct. 23, 2008)(*citing Northrop Corp. v. Triad Int'l Mktg. S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988)).  Thus, any post-judgment interest would be determined by 28 U.S.C. §1961 and the law is well settled that "§ 1961 cannot be invoked to force a party to pay interest on a settlement because § 1961 does not apply to settlement agreements."  *Reynolds v. Alabama Dept. of Transp.*, 2006 WL 3063463, *1-3 (M.D. Ala. Oct. 27, 2006 (collecting cases).

The Court further finds a lack of bad faith on the part of Defendants and thus, an insufficient basis for awarding attorney's fees.  *See Orosa v. American Airlines, Inc.*, 2007 WL 1412915, *2 (S.D. Fla. May 10, 2007)(court found no bad faith where settlement payment was 28 days late and declined to award attorney's fees).

## RECOMMENDATION TO THE DISTRICT COURT

Given that the settlement amount has now been paid, this Court **RECOMMENDS** that Plaintiffs' motions be **DENIED AS MOOT**.  (DE 78, 81).

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers this 9 day of July, 2009, at West Palm Beach in the Southern District of Florida.

*[signature: James M. Hopkins]*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida
Counsel of Record